FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.
2011 MAY 23 PM 3:39
CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

SURESH PATEL,

      Petitioner,

vs.

      CIVIL ACTION NO.: CV211-044

ANTHONY HAYNES, Warden,

      Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Suresh Patel ("Patel"), an inmate currently incarcerated at the Federal Satellite Low facility in Jesup, Georgia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondent filed a Response. For the following reasons, Patel's petition should be **DISMISSED**.

## STATEMENT OF THE CASE

Patel was convicted on April 19, 2006, in the Eastern District of Tennessee and is currently serving an 87 month sentence followed by two years of supervised release for Distribution Of Pseudoephedrine in violation of 21 U.S.C. § 841(c)(2) and Managing Drug Establishment in violation of 21 U.S.C. § 856(a)(2). Patel is requesting this Court to issue an Order directing the BOP to grant him 12 months RRC ("Residential Reentry Center") placement under the Second Chance Act (18 U.S.C. § 3624). (Doc. No. 1).

AO 72A
(Rev. 8/82)

## DISCUSSION AND CITATION TO AUTHORITY

The Second Chance Act provides that all inmates are eligible for up to twelve months of RRC placement and further provides that individual placement decisions are made by BOP staff based upon eligibility criteria. The five factors set forth in 18 U.S.C. § 3621(b) are: (1) The resources of the facility contemplated; (2) The nature and circumstances of the offense; (3) The history and characteristics of the prisoner; (4) Any statement by the court that imposed the sentence: (a) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or (b) recommending a type of penal or correctional facility as appropriate; and (5) Any pertinent policy statement issued by the U.S. Sentencing Commission. The Act also requires BOP staff to ensure that each pre-release RRC placement decision is "of sufficient duration to provide the greatest likelihood of successful reintegration into the community." 18 U.S.C. § 3624(c)(6)(C).

BOP records show that on October 7, 2010, Patel was reviewed for RRC placement using the five criteria factors. (Doc. No. 7-1, pp. 6-7). Patel was found to be eligible for 150 to 180 days of RRC placement. (Id.). Patel's FCI Jesup Unit Team has completed the RRC referral packet but it is awaiting the required approval and signatures of the Health Services Department at FCI Jesup and the Warden before being sent to BOP's Community Corrections for processing. (Id.). The BOP has not completed its review of Petitioner's eligibility for RRC placement. (Id.). Accordingly, a final RRC placement date has not been assigned for Patel.

Ripeness questions are governed by the Supreme Court's two-part Abbott Labs test, whereby the court considers the fitness of the issues for judicial determination, as

well as the hardship to the parties in withholding determination. Abbott Laboratories v. Gardner, 387 U.S. 136 (1967), *overruled on other grounds by* Califano v. Sanders, 430 U.S 99 (1977). See Nat'l Adver. Co. v. City of Miami, 402 F.3d 1335, 1339 (11th Cir. 2005) ("Strict application of the ripeness doctrine prevents federal courts from rendering impermissible advisory opinions and wasting resources through review of potential or abstract disputes."). The principle of ripeness means that this Court will not involve itself unnecessarily in the affairs of an agency and will not adjudicate hypothetical conflicts that may never actually arise. "A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." Texas v. United States, 523 U.S. 296, 300 (1998) (internal quotations omitted).

The fitness inquiry weighs heavily against adjudication of Patel's petition. Given the timeframe, it is clear that any decision of this Court on the issue would amount to a speculative and impermissible advisory opinion based on events which have not occurred and may not ever occur. At this time, Patel is merely anticipating what the determination may be which is not enough to trigger the Court's review. The BOP is currently reviewing the Unit Team's recommendation that RRC be permitted. Petitioner can file an administrative grievance regarding that final determination. Patel's complaint has been brought at a point too early, such that there is no concrete dispute to be resolved between the parties. Prudential considerations likewise do not counsel in favor of adjudication. Delayed review of Petitioner's claim will not cause him any direct and immediate impact.

## CONCLUSION

Accordingly, it is my **RECOMMENDATION** that Petitioner's 28 U.S.C. § 2241 petition be dismissed without prejudice.

**SO REPORTED** and **RECOMMENDED**, this 25th day of May, 2011.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE